# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NATHAN PAUL FITZGERALD,

        Plaintiff,

  v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:22-cv-00168-SLG

## ORDER RE MOTION FOR LEAVE TO SEEK AND RECOVER DAMAGES IN EXCESS OF ORIGINALLY FILED FTCA ADMINISTRATIVE CLAIM UNDER THE *RICHARDSON* STANDARD

Before the Court at Docket 36 is Plaintiff Nathan Fitzgerald's Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard. Defendant United States of America responded in opposition at Docket 37, to which Mr. Fitzgerald replied at Docket 38. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

Mr. Fitzgerald brings this case pursuant to the Federal Tort Claims Act ("FTCA").[1] He alleges one cause of action, negligence, against medical personnel who treated him at the Kodiak Community Health Center ("KCHC") in Kodiak,

---

[1] Docket 1 at ¶ 3 (Compl.).

Alaska, which he asserts is "a Federally Qualified Health Center Program grantee under 42 U.S.C. § 245, funded by United States Department of Health and Human Services" ("HHS").[2] Specifically, Mr. Fitzgerald contends that, on January 20, 2020, a nurse practitioner examined him at KCHC, and, three days later, a doctor examined him again at KCHC. He maintains, however, that both personnel "failed to meet the standard of care when they failed to diagnose infective endocarditis, failed to follow up on markedly abnormal test results, and failed to order the appropriate laboratory studies, in the evaluation of numerous symptoms consistent with endocarditis."[3] Mr. Fitzgerald asserts that, as a result, he suffered "a debilitating stroke on February 2, 2020 caused by undiagnosed, and untreated, endocarditis," which resulted in "significant aphasia, . . . permanent brain damage," and severe damage to his heart.[4] Prior to his stroke, Mr. Fitzgerald "was a thirty-nine-year-old mechanical engineer with security clearances and a supervisor's

---

[2] Mr. Fitzgerald further asserts that "KCHC health care providers are deemed United States Public Health Service employees under 42 U.S.C [§] 233 (g)-(n) . . . [and] are deemed employees of the United States for purposes of liability under the Federal Tort Claims Act." Docket 1 at ¶¶ 6, 11-14. The United States admits only that KCHC is in Kodiak, Alaska, and that KCHC "was deemed eligible for Federal Tort Claims Act coverage pursuant to the Federally Supported Health Centers Assistance Act ('FSHCAA'), 42 U.S.C. § 233(g)-(n), on July 24, 2019, for calendar year January 1, 2020, through December 31, 2020, and its deemed status has continued without interruption since that date." Docket 7 at ¶ 6 (Answer).

[3] Docket 1 at ¶ 9.

[4] Docket 1 at ¶ 10.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 2 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 2 of 15

position at the Alaska Aerospace Corporation's Pacific Spaceport Complex on Kodiak Island."[5]

On August 5, 2021, Mr. Fitzgerald, through his attorney, mailed an FTCA administrative claim to HHS, alleging damages in the amount of $10 million based on medical malpractice.[6] Because the agency failed to make a final disposition of his claim within six months after he filed his claim, Mr. Fitzgerald "deem[ed] this failure a denial of his claim" pursuant to 28 U.S.C. § 2675(a) and filed this suit on July 21, 2022.[7] On February 26, 2024, Mr. Fitzgerald filed the instant motion for leave to seek and recover damages in excess of the $10 million he claimed in his administrative claim, alleging that the "full extent" of his "brain injuries and emotional damages were not reasonably foreseeable at the time of his August 5, 2021 administrative claim."[8] The United States opposes the motion and asserts that Mr. Fitzgerald should be barred from seeking increased damages because his conditions were reasonably foreseeable at the time of his administrative claim.[9]

---

[5] Docket 36 at 5.

[6] Docket 36-2 at 1-2.

[7] Docket 1 at ¶ 5. 28 U.S.C. § 2675(a) provides, in relevant part: "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." The United States notes that Mr. Fitzgerald's claim was received on August 10, 2021, and officially denied on August 1, 2022. Docket 7 at ¶ 4.

[8] Docket 36 at 5.

[9] Docket 37 at 17.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 3 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 3 of 15

## JURISDICTION

The Court has jurisdiction over Mr. Fitzgerald's FTCA claim pursuant to 28 U.S.C. § 1346(b).

## LEGAL STANDARD

Statutes such as the FTCA that involve "the Government's consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires."[10] "The FTCA provides plaintiffs an exclusive remedy against the United States for injuries arising out of tortious acts committed by federal government employees within the scope of their employment."[11] Before filing suit under the FTCA, a plaintiff must "present an administrative claim to the appropriate federal agency and then receive a final denial of the claim from the agency or allow six months to pass without a final disposition."[12] Thereafter, a plaintiff can file a suit for damages in federal court, but any such action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency."[13]

---

[10] *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992) (internal quotation marks and citations omitted); *see Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1243 (S.D. Cal. 2001).

[11] *Von Bargen v. United States*, Case No. C 06–04744 MEJ, 2009 WL 1765767, at *2 (N.D. Cal. June 22, 2009).

[12] *Id.* (citing 28 U.S.C. § 2675(a)).

[13] 28 U.S.C. § 2675(b).

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 4 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 4 of 15

The statute, however, provides for two exceptions to this bar: "(1) where the plaintiff proves 'newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency,' or (2) where the plaintiff identifies and proves 'intervening facts' justifying a higher award."[14] "[I]n determining whether a plaintiff satisfies one of the two exceptions to the FTCA, courts apply an objective standard."[15] "[T]he allegedly newly discovered evidence or intervening facts must not have been reasonabl[y] capable of detection at the time the administrative claim was filed."[16] "Plaintiffs bear the burden of proving that they are entitled to damages in excess of their administrative claim."[17]

"[W]hile courts do not charge a claimant with knowing what the physicians could not tell him, the information must not have been discoverable through the exercise of reasonable diligence."[18] "[I]f the exact nature, extent and duration of each recognized disability must be known before § 2675(b) will be given effect, that section will be rendered useless; and the government will be unable to evaluate any claim made against it without the threat that, if it does not settle, its

---

[14] *Salcedo-Albanez*, 149 F. Supp. 2d at 1243 (quoting 28 U.S.C. § 2675(b)).

[15] *Id.*

[16] *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (quoting *Low v. United States*, 795 F.2d 466, 470 (5th Cir. 1986)).

[17] *Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990).

[18] *Low*, 795 F.2d at 470 (citing *Fraysier v. United States*, 766 F.2d 478, 481 (11th Cir. 1985)).

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 5 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 5 of 15

liability may increase substantially."[19] Thus, "[d]iagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither 'newly discovered evidence' nor 'intervening facts' for the purposes of § 2675(b)."[20] The ultimate question is whether "the full extent of [Plaintiff's] injuries were reasonably foreseeable" when the administrative claim was filed.[21] "The question of whether an increase is justified by newly discovered evidence or intervening facts is inherently fact-specific."[22]

While "[s]ome courts have articulated a standard that requires plaintiffs to contemplate the 'worst case scenario' presented by the medical evidence before filing a claim," the Court concludes that such a standard overstates a plaintiff's burden.[23] Plaintiffs need only file a claim reflecting the worst-case scenario if such a scenario is reasonably foreseeable.[24] Thus, requiring plaintiffs to always "err on the side of filing higher administrative claims, in order to guard against theoretical catastrophic outcomes," is contrary to the Ninth Circuit's limited guidance on §

---

[19] *Id.* at 471.

[20] *Reilly v. United States*, 863 F.2d 149, 171 (1st Cir. 1988) (citing *Kielwien v. United States*, 540 F.2d 676, 680-81 (4th Cir. 1976)); *see Richardson*, 841 F.2d at 999 (citing to *Kielwien* favorably).

[21] *Richardson*, 841 F.2d at 999.

[22] *Resnansky v. United States*, Case No. 13-cv-05133-DMR, 2015 WL 1968606, at *4 (N.D. Cal. May 1, 2015).

[23] *See id.* (citing *Michels v. United States*, 31 F.3d 686, 688 (8th Cir. 1994)).

[24] *See Richardson*, 841 F.2d at 999.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 6 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 6 of 15

2675(b) in *Richardson v. United States*.[25] Moreover, as *Resnansky v. United States* notes, incentivizing plaintiffs to overstate the value of their claims "is contrary to the policies underlying the FTCA claim process, which encourage realistic valuation of a claim against the government in aid of early settlement."[26] Accordingly, the Court will apply the "reasonably foreseeable" standard in this order.[27]

## DISCUSSION

Mr. Fitzgerald filed his FTCA claim on August 5, 2021, and he asserts that he should be allowed to seek damages in excess of $10 million because of "newly discovered evidence not reasonably available at the time" of his administrative claim or "proof of intervening facts."[28] In support of his position, Mr. Fitzgerald focuses on a comparison between his two neuropsychological evaluations: an initial evaluation done in April 2021 by clinical neuropsychologist Dr. Sandra Mitchell, and a reassessment done in May 2023 by licensed clinical and forensic psychologist Dr. David J. Sperbeck.[29] Mr. Fitzgerald asserts that, in contrast to Dr.

---

[25] *Resnansky*, 2015 WL 1968606, at *4; *see also Richardson*, 841 F.2d at 999.

[26] 2015 WL 1968606, at *4.

[27] Thus, to the extent the United States employs a standard stricter than the one set forth in *Richardson*—that is, that Mr. Fitzgerald must have contemplated the "worst case scenario" presented by his medical evaluations prior to filing his administrative claim—the Court rejects such a standard. *See* Docket 37 at 11.

[28] Docket 36-2 at 1; Docket 36-24 at 2-3 (Proposed Order).

[29] *See* Docket 36 at 9-12 (first citing Docket 36-14 (Dr. Mitchell's Report); and then citing Docket 36-15 (Dr. Sperbeck's Dep.)) ("It is on the basis [of] Dr. Sperbeck's new findings of a guarded

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 7 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 7 of 15

Mitchell's initial evaluation, Dr. Sperbeck's reassessment, conducted two years later, (1) discovered that Mr. Fitzgerald was suffering significant and progressive memory declines; (2) added a new diagnosis of major depressive disorder; and (3) concluded that Mr. Fitzgerald was at "considerable risk" of developing dementia due to his traumatic brain injury and global cerebral atrophy, which resulted from his stroke.[30] Accordingly, the Court examines whether Mr. Fitzgerald has met his burden in demonstrating that each of these three grounds were not reasonably foreseeable at the time of his administrative claim.

### I. Declining Memory Performance

Mr. Fitzgerald asserts that his progressive and significant memory declines constitute new evidence or intervening facts not reasonably foreseeable at the time of his administrative claim.[31] He maintains that, while "[s]ome of Dr. Sperbeck's findings mirrored Dr. Mitchell's assessment," "one dramatic difference between [the two assessments] . . . had to do with his declining memory capacity."[32] Mr. Fitzgerald contends that the "objective evidence of additional and worsening memory function that developed over time and was not present when Dr. Mitchell

---

prognosis for [Mr. Fitzgerald] and its effect on [his] future damages that [his] present Motion is premised."). *See also* Docket 36-16 (Dr. Sperbeck's Report); Docket 36-21 (Dr. Sperbeck's Rebuttal Report).

[30] Docket 36 at 12-19.

[31] Docket 36 at 12-15.

[32] Docket 36 at 13.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 8 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 8 of 15

created [Mr. Fitzgerald's] 'baseline' [evaluation]" constitutes newly discovered evidence that was not reasonably foreseeable.[33] The United States, however, maintains that "[t]hree of Plaintiff's treating providers [had] identified that Plaintiff had ongoing memory issues by at least April 2021" and that "his declines in memory were . . . explicitly forecasted."[34]

The Court agrees with the United States that Mr. Fitzgerald's memory declines were reasonably foreseeable at the time he filed his administrative claim. Indeed, in her April 2021 report, Dr. Mitchell noted that Mr. Fitzgerald himself reported several memory issues and "a stark decline in his ability to process and remember what he reads."[35] Dr. Mitchell confirmed that Mr. Fitzgerald not only had issues with his memory directly after his stroke in February 2020, but also that he "continue[d] to demonstrate deficits in . . . verbal memory."[36] She reported that his "impaired information processing speed," "poor ability to sustain visual attention," and low average "simple auditory attention" would "have 'downstream' effects on more cognitively demanding tasks, especially those requiring learning and memory."[37] Dr. Mitchell also created a list of strategies to help Mr. Fitzgerald

---

[33] Docket 38 at 9-10.

[34] Docket 37 at 11-12.

[35] Docket 36-14 at 2.

[36] Docket 36-14 at 1, 5.

[37] Docket 36-14 at 5.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 9 of 15
Case 3:22-cv-00168-SLG Document 58 Filed 06/21/24 Page 9 of 15

cope with his cognitive changes, many of which were designed to aid with his memory difficulties.[38] Given Mr. Fitzgerald's awareness of his own initial memory decline and Dr. Mitchell's confirmation of continued memory issues, the Court is not persuaded by Mr. Fitzgerald's argument that his progressive and significant decline in memory performance was not reasonably foreseeable at the time he filed his administrative claim. Rather, the evidence demonstrates that Mr. Fitzgerald's continued memory decline is "cumulative and confirmatory of the issues [he] was aware of at the time he filed his [administrative claim]."[39]

## II. New Mental Health Diagnosis

Mr. Fitzgerald asserts that Dr. Sperbeck's recent diagnosis of major depressive disorder constitutes new evidence or intervening facts not reasonably foreseeable at the time of his administrative claim.[40] He points out that Dr. Mitchell's evaluation concluded that, while Mr. Fitzgerald "developed some adjustment related depression during his stroke recovery," his "[s]cores on the self-report measures indicate that Mr. Fitzgerald is currently experiencing no clinical

---

[38] Docket 36-14 at 7.

[39] *See Wilcox v. U.S. Postal Serv. Inc.*, Case No. 8:17-cv-00224-JLS-KES, 2019 WL 4138007, at *4-5 (C.D. Cal. May 3, 2019) (holding that both a later-diagnosed spinal injury and worsening mental health were merely "cumulative and confirmatory" of the issues the plaintiff was aware of at the time he filed his amended administrative claim, given that the plaintiff had initially "complained of 'severe' lower-back pain" and "proffered no evidence to prove that his 'emotional damages' ha[d] worsened in a way that was undiscoverable when he filed his Amended Claim").

[40] Docket 36 at 15-17.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 10 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 10 of 15

symptoms of depression or anxiety."[41] Dr. Mitchell noted that Mr. Fitzgerald's depressed mood was "infrequent . . . and usually brief in duration," and that he denied "sadness, anhedonia, and suicidal ideation."[42] Dr. Mitchell's report provides no further discussion on depression or Mr. Fitzgerald's likelihood of developing any kind of depressive disorder.[43] Mr. Fitzgerald then notes that, in contrast, Dr. Sperbeck diagnosed Mr. Fitzgerald with major depressive disorder in his reassessment two years later and explained that the diagnosis was warranted because Mr. Fitzgerald had been responding well to a strong antidepressant that had been prescribed to him.[44]

The United States, on the other hand, asserts that Mr. Fitzgerald had "been prescribed an antidepressant for depression since September 2020" and that "three treating providers [had] identified or treated Plaintiff for depression by April 2021."[45] The United States also contends that Mr. Fitzgerald's "current diagnosis

---

[41] Docket 36-14 at 2, 5-6; Docket 36 at 15.

[42] Docket 36-14 at 2, 6.

[43] *See generally* Docket 36-14. Dr. Mitchell did not identify any antidepressant medication that Mr. Fitzgerald was then taking, but indicated that the list of current medications was "not reconciled." Docket 36-14 at 2.

[44] Docket 36-16 at 4; Docket 36-15 at 12.

[45] Docket 37 at 13-14 (first citing Docket 37-8 (showing what appears to be a prescription for Prozac in September 2020); and then citing Docket 37-9 at 3 (reporting in February 2021 that Mr. Fitzgerald "has had some depression [and is] currently on venlafaxine" and that "[p]reviously he was on Prozac which was not as effective")).

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 11 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 11 of 15

of major depressive disorder . . . is merely a continuation of his prior adjustment disorder symptoms," which had been diagnosed shortly after his stroke.[46]

The Court agrees with the United States that, "given that Plaintiff was aware of his own symptoms being managed with an antidepressant" since at least September 2020, Mr. Fitzgerald "has failed to establish that his depression diagnosis was not reasonably foreseeable when he filed his administrative tort claim in August 2021."[47] Rather, the Court finds that the evidence here also demonstrates that Mr. Fitzgerald's depression diagnosis is "cumulative and confirmatory of the issues [he] was aware of at the time he filed his [administrative claim]."[48] Notably, Mr. Fitzgerald was taking 150 mg per day of venlafaxine (Effexor) in February 2021—the same medicine and dosage that Dr. Sperbeck relied on for his diagnosis in May 2023.[49]

### III. Risk of Dementia

Finally, Mr. Fitzgerald maintains that new evidence shows that he is at "considerable risk" of developing dementia due to his traumatic brain injury and global cerebral atrophy, which resulted from his stroke.[50] He points out that Dr.

---

[46] Docket 37 at 13.

[47] Docket 37 at 14-15.

[48] *See Wilcox*, 2019 WL 4138007, at *4-5; *Reilly*, 863 F.2d at 171.

[49] Docket 36-16 at 2; Docket 37-9 at 2.

[50] Docket 36 at 17-19.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 12 of 15
Case 3:22-cv-00168-SLG Document 58 Filed 06/21/24 Page 12 of 15

Sperbeck found that radiological evidence of Mr. Fitzgerald's encephalomalacia and cerebral atrophy "beyond what his age would predict" to be "very concerning and worrisome on a long-term basis" in terms of his risk for dementia.[51] Dr. Sperbeck further stated that Mr. Fitzgerald was at "considerable risk" for dementia, "especially since we haven't seen much in the way of progress in his articulation and nonfluent aphasia. We haven't seen a lot of progress in that over the three years since the . . . stroke occurred, so that's . . . worrisome to me."[52] Dr. Sperbeck explained that "[a]nyone with his[] kind of[] cerebral atrophy he's had, the stroke he's had, the lack of progress, and the [encephalomalacia], is going to be at risk for developing dementia, so he has an increased risk of dementia."[53]

In response, the United States maintains that Dr. Sperbeck's opinion regarding the "increased risk of developing dementia is predicated on two facts: mild traumatic brain injury (TBI) and global cerebral atrophy," both of which "were known as of August 2021 when the administrative claim was filed."[54] The United States also suggests that, "when a claimant is on notice, through existing medical information and physician advice of worst case scenarios based on established

---

[51] Docket 36 at 17; Docket 36-15 at 20.

[52] Docket 36-15 at 20.

[53] Docket 36-15 at 20.

[54] Docket 37 at 15.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 13 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 13 of 15

diagnoses, the eventual materialization of such scenarios does not qualify as newly discovered evidence."[55]

The Court finds that Dr. Sperbeck's opinion was predicated not only on the two facts of traumatic brain injury and global cerebral atrophy, but also on the fact that Mr. Fitzgerald had demonstrated a "lack of progress" in the three years since his stroke. "[W]hile courts do not charge a claimant with knowing what the physicians could not tell him, the information must not have been discoverable through the exercise of reasonable diligence."[56] Here, Mr. Fitzgerald's lack of progress would not have been "discoverable through the exercise of reasonable diligence,"[57] as neither he nor his physicians could have known in 2021 how he would progress in the following years after his stroke.[58] Therefore, "the full extent" of Mr. Fitzgerald's injuries as to his increased risk of dementia would not have been "reasonably foreseeable" as of the time he filed his administrative claim.[59]

\* \* \*

---

[55] Docket 37 at 16 (quoting *Priest v. United States*, Case No. 3:14-cv-500-AC, 2015 WL 6457997, at \*5 (D. Or. Oct. 26, 2015)).

[56] *Low*, 795 F.2d at 470 (citation omitted).

[57] *Id.* (citation omitted).

[58] Moreover, Dr. Mitchell made no mention of a risk of dementia for Mr. Fitgerald in her evaluation. *See generally* Docket 36-14.

[59] *See Richardson*, 841 F.2d at 999.

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 14 of 15
Case 3:22-cv-00168-SLG    Document 58    Filed 06/21/24    Page 14 of 15

For the foregoing reasons, the Court finds that Mr. Fitzgerald has met his burden of proving that he may seek damages in excess of his administrative claim pursuant to 28 U.S.C. § 2675(b) due to his increased risk of developing dementia. Accordingly, Mr. Fitzgerald may seek to recover damages in excess of $10 million based on that sole additional ground.

## CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard at Docket 36 is GRANTED in part and DENIED in part as set forth herein.

DATED this 21st day of June, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00168-SLG, *Fitzgerald v. USA*
Order re Motion for Leave to Seek and Recover Damages in Excess of Originally Filed FTCA Administrative Claim Under the *Richardson* Standard
Page 15 of 15
Case 3:22-cv-00168-SLG   Document 58   Filed 06/21/24   Page 15 of 15